UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEASHA NEWSOME,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AXOS BANK, a Savings and Loan Association and AXOS FINANCIAL, INC., a Delaware corporation,<br><br>　　　　　　　　　Defendants. | Case No.:  20cv1424 JM(JLB)<br><br>**ORDER ON MOTION TO CONFIRM ARBITRATION AWARD** |

Presently before the court is Defendant Axos Bank's and Defendant Axos Financial Inc.'s Motion to Confirm Arbitration Award. The court finds the motion suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, Defendants' motion is **granted**.

**Background**

On July 23, 2020, Plaintiff Taneasha Newsome filed suit in this court alleging: (1) race discrimination in violation of California Government Code section 12940(a); (2) associational disability discrimination and wrongful termination in violation of California Government Code section 12940(a); (3) failure to provide reasonable accommodations in violation of California Government Code section 12940(m); (4) failure to engage in the interactive process in violation of California Government Code sections 12940(n) and 12945; (5) interference with the right to take medical leave in violation of

1

California Government Code section 125945.2(t); (6) interference with the right to take medical leave in violation of 29 U.S.C. section 2601, *et seq.*; and (7) gender and racial pay discrimination in violation of California Labor Code section 1197.5.

On August 24, 2020, the parties filed a joint stipulation informing the court that this entire action was being submitted to binding arbitration pursuant to an arbitration agreement. (Doc. Nos. 7, 7-1.) Accordingly, the court granted the stay pending arbitration. (Doc. No. 8.)

On February 24, 2021, the parties provided this court with a joint status report, informing it that the Honorable Linda Quinn, Ret., had agreed to arbitrate this matter. (Doc. No. 9 at 2[1].)

A hearing on Axos Bank's motion for summary judgment, or in the alternative, motion for summary adjudication was held before the arbitrator on October 21, 2021, and October 25, 2021. (Doc. No. 12 at 25.) The arbitrator issued a minute order granting Axos Bank's motion for summary judgment on November 1, 2021[2]. (*Id.* at 25-26.) On December 10, 2021, the arbitrator signed an order, pursuant to the parties' joint stipulation, which provided: (1) Axos Bank and Axos Financial, Inc., would not seek costs or attorneys' fees from Newsome; (2) the final arbitration award would be entered; and (3) Newsome would not oppose the motion to confirm arbitration award. (*Id.* at 32.) Arbitrator Quinn issued the Final Arbitration Award on December 10, 2021, noting that Newsome had voluntarily dismissed Counts I and VII, and finding for Axos Bank on Counts II – through VI. (*Id.* at 37-38.) The Award also stated that the parties would bear their own costs and attorneys' fees. (*Id*. at 38.)

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

[2] The minute order notes that the parties "stipulated the case is stayed as to Axos Financial, Inc." (Doc. No. 12 at 25.)

On January 7, 2022, Defendants Axos Bank and Axos Financial, Inc., filed a Motion to Confirm Arbitration Award, with a noticed hearing date of February 7, 2022. (Doc. No. 12.) Ms. Newsome did not file a timely opposition. On January 31, 2022, this court issued an order vacating the February 7, 2022, hearing date and taking the motion under submission. As of the date of this order, no opposition has been filed.

## Discussion

"[T]he F[ederal A[rbitration] A[ct] provides no authorization for a merits review" of an arbitration award. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012). Thus, judicial review of an award is "'both limited and highly deferential' and the arbitration award 'may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *Comedy Club, Inc. v. Improv. W. Assocs.,* 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)); *see also Aspic Eng'g & Const. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) ([The Ninth Circuit has] held that arbitrators 'exceed their powers' when the award is 'completely irrational' or exhibits a 'manifest disregard of the law.'"). Under the Federal Arbitration Act ("FAA"), a court must confirm an arbitration award unless it finds specific grounds to vacate, modify, or correct it. 9 U.S.C. §§9-11; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the FAA." *Aspic Eng'g & Constr. Co.*, 913 F.3d at 1166.

Under section 10(a)(4) of the FAA, a district court may vacate an arbitration award "where the arbitrators exceeded their powers." This can occur either when arbitrators express a "manifest disregard of law," or "when they issue an award that is 'completely irrational.'" *Bosack v. Soward,* 586 F.3d 1096, 1104 (9th Cir. 2009) (quoting *Comedy Club,* 553 F.3d at 1290). "[M]anifest disregard … requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Id.* (quoting *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007)). Rather, "[t]here must be some evidence in the record, other than the result, that the

arbitrators were aware of the law and intentionally disregarded it. *Id*. (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004)). Similarly, an arbitration award is considered to be "completely irrational" when it "fails to draw its essence from the agreement." *Comedy Club*, 553 F.3d at 1288. "An award 'draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions.'" *Bosack*, 586 F.3d at 1106 (quoting *McGrann v. First Albany Corp.*, 424 F.3d 743, 749 (8th Cir. 2005)). Under this standard of review, the court decides "only whether the arbitrator's decision draws its essence from the contract, not the rightness or wrongness of the arbitrator's contract interpretation." *Aspic Eng'g & Constr. Co.*, 913 F.3d at 1166. (citation and internal quotation marks omitted).

Here, there has been no motion to vacate, modify or correct the Arbitration Award. It is also apparent from the record submitted that the arbitrator attempted to thoughtfully apply the law to the facts presented in this case. In other words, there is nothing before the court to suggest that the arbitrator recognized the applicable law and ignored it. *See Bosack,* 586 F.3d at 1104. Nor is there anything to suggest that the Award was irrational. *See Comedy Club*, 553 F.3d at 1288. Therefore, the court need not reach the issue of whether the arbitrator's underlying decision was correct. Consequently, the court must confirm the arbitration award.

## Conclusion

In accordance with the foregoing, the court hereby **GRANTS** Defendants motion to confirm arbitration award.

There being no remaining matters in dispute, it is FURTHER ORDERED that Plaintiff's claims are **DISMISSED** with **PREJUDICE**.

///

///

///

The Clerk of Court shall **CLOSE** this case.

IT IS SO ORDERED.

Dated: April 22, 2022

Hon. Jeffrey T. Miller
United States District Judge